﻿Citation Nr: AXXXXXXXX
Decision Date: 01/29/21 Archive Date: 01/29/21

DOCKET NO. 200401-75360
DATE: January 29, 2021

REMANDED

Entitlement to an initial evaluation higher than 10 percent for residuals of a gunshot wound of right foot is remanded.

REASONS FOR REMAND

The Veteran served honorably on active duty in the U.S. Army from September 1972 to September 1974. 

In March 2019, the Veteran submitted a VA Form 20-0996, Decision Review Request: Higher-Level Review (HLR), and requested review of a February 2019 rating decision. In April 2019, the agency of original jurisdiction (AOJ) issued the HLR decision on appeal, which considered the evidence of record at the time of the February 2019 rating decision. Then, in the April 2020 VA Form 10182, Decision Review Request: Board Appeal, the Veteran elected the Direct Review docket. 

1. Evaluation of residual gunshot wound, right foot, which is currently 10 percent disabling, is continued. is remanded.

Here, the matter is remanded to correct a duty to assist error that occurred prior to the February 2019 rating decision. The AOJ obtained VA examinations in January 2019; however, the examination reports did not adequately consider all of the Veteran’s symptoms associated with right foot disability, and the report contained an inconsistent and inaccurate recitation of the facts.

By way of background, September 2017 VA examination reports document a right foot muscle injury to Group XI with atrophy of the right peroneus brevis. The muscle injury resulted in weakness, lowered threshold of fatigue, fatigue-pain, impairment of coordination, and uncertainty of movement. A September 2018 private CT scan of the right ankle and foot documented 1) diffuse mild degenerative changes throughout the hindfoot; 2) multiple tiny retained metallic foreign bodies within the lateral soft tissues and the sub adjacent calcaneo-cuboid articulation; and 3) multiple non healed avulsed fracture fragments along the lateral margin of the talus.

A January 2019 VA muscle injury disability benefits questionnaire (DBQ) report indicates that the Veteran had never been diagnosed with a muscle injury, but also reported the Veteran had both a penetrating muscle injury and a non-penetrating muscle injury. Then, the examiner checked the box indicating there was never an injury to a muscle group of the foot or leg, and the Veteran had no signs or symptoms of a muscle injury. 

A January 2019 VA foot conditions DBQ documented a history of foot injury, and that the Veteran endorsed flares of dull, aching pain. The examiner did not document any findings pertaining to the foot injury, and reported the Veteran had never had foot surgery and did not have degenerative arthritis of the right foot, both of which are inaccurate. Although the Veteran described impairment in walking, standing, and running, the examiner checked the box indicating there was no functional loss of the right lower extremity. The examiner also stated there was no functional loss during flares or with repeated use over time, despite also noting the Veteran’s report of flares of pain and impairment with prolonged standing and walking. Overall, the examiner concluded the foot injury was asymptomatic. 

The January 2019 examination reports are inadequate and remand is necessary to obtain an adequate medical assessment of the Veteran’s right foot injury residuals.

The matters are REMANDED for the following action:

Schedule the Veteran for an examination by an appropriate clinician to determine the severity of the right foot gunshot injury residuals. The examiner should provide a full description of the disability and report all signs and symptoms necessary for evaluating the Veteran’s disability under the rating criteria. The examiner should utilize all indicated disability benefits questionnaires, to include muscle injury and orthopedic DBQs.

(a.) The examiner must test the Veteran’s active motion, passive motion, and pain with weight-bearing and without weight-bearing. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

(b.) The examiner must attempt to elicit information regarding the severity, frequency, and duration of any flare-ups, and the degree of functional loss during flare-ups. If it is not possible to provide a specific measurement based on direct observation, the examiner should provide an estimate, if at all possible, of the additional impairment due to flare-ups based on the other evidence of record and the Veteran’s statements. If it is not possible to provide a specific measurement without speculation, the examiner must state whether the need to speculate is due to a deficiency in the state of general medical knowledge (no one could respond given medical science and the known facts), a deficiency in the record (additional facts are required), or the examiner (does not have the knowledge or training).

(c.) The examiner’s attention is directed to the September 2017 VA examination reports and the September 2018 private CT scan showing 1) diffuse mild degenerative changes throughout the hindfoot; 2) multiple tiny retained metallic foreign bodies within the lateral soft tissues, and the sub adjacent calcaneo-cuboid articulation; and 3) multiple non healed avulsed fracture fragments along the lateral margin of the talus. 

 

K. MILLIKAN

Veterans Law Judge

Board of Veterans’ Appeals

Attorney for the Board C. Smith, Counsel

The Board’s decision in this case is binding only with respect to the instant matter decided. This decision is not precedential and does not establish VA policies or interpretations of general applicability. 38 C.F.R. § 20.1303.